# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

KATAY JOSEPH,

    Petitioner,

v.

WARDEN, FCI JESUP,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-03

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Katay Joseph ("Joseph"), an inmate at the Federal Correctional Institution – Satellite Low in Jesup, Georgia ("FCI Jesup"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) I have conducted a preliminary review of Joseph's claims, as required by Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Joseph's Petition and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Joseph *in forma pauperis* status on appeal.

## BACKGROUND

In his Petition, Joseph states that he is currently detained at FCI Jesup as a result of his conviction obtained in the United States District Court for the Southern District of Florida. (Doc. 1, p. 1.) He states that he was sentenced in that court on September 16, 2014. (Id.) Joseph readily admits that he is challenging his conviction and sentence and specifically states that he is challenging an "[i]llegal sentencing enhancement." (Id. at p. 2.) He argues that his "sentence

---

[1] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

must be vacated without the ACCA enhancement." (Id. at p. 8.) Joseph also relays that he previously challenged his conviction and sentence in the Southern District of Florida, pursuant to 28 U.S.C. § 2255, on grounds not raised in this Petition. (Id. at p. 4.)

In his brief attached to his Petition, Joseph further details the procedural history of his case and his claims. (Doc. 1-1.) Joseph states that following his conviction for being a felon in possession of a firearm, the Southern District of Florida sentenced him under the Armed Career Criminal Act ("ACCA") and United States Sentencing Guidelines § 4B1.4 to 180 months' imprisonment. (Id. at p. 2.) He states that he was subjected to the enhanced penalties of the ACCA due to his having one prior conviction for attempted burglary, two prior convictions for sale of cocaine, and one conviction for possession of cocaine with intent to sell. (Id. at p. 11.)[2] Joseph claims that those prior convictions should no longer be considered qualifying violent felonies following the United States Supreme Court's decision in Mathis v. United States, 597 U.S. ___,136 S. Ct. 2243 (2016).[3] (Id. at pp. 10–24.) Therefore, he argues that his sentence must be vacated and he must be resentenced without the ACCA enhancement. (Id. at p. 24.)

---

[2] Federal law prohibits certain persons, including convicted felons, from shipping, possessing, or receiving firearms in or affecting interstate commerce. 18 U.S.C. § 922(g)(1). Ordinarily, an individual who violates this prohibition faces a statutory maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, a statutory provision known as the "Armed Career Criminal Act" or "ACCA" imposes a higher mandatory minimum term of imprisonment for certain offenders. Any person who violates Section 922(g) and has on three or more occasions been convicted for a "serious drug offense" or "violent felony" will receive a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

[3] In Mathis, the Supreme Court further clarified how courts should answer the question of whether an offender's prior conviction that bears the label of a crime enumerated in the ACCA actually constitutes a conviction for one of the enumerated offenses for purposes of the ACCA. Specifically, the Court addressed how courts should employ the modified categorical approach. The Court in Mathis held that a statute's inclusion of multiple alternative means of committing the crime does not make the statute divisible, if these means are not alternative elements but rather only factual determinations about an element, and thus, unnecessary to the jury's determination of guilt for the crime. 579 U.S. at ___, 136 S. Ct. at 2251–54. Put another way, the Court held that, when using the modified categorical approach to determine whether a prior conviction is a "violent felony" or "serious drug offense" under the ACCA, a

**STANDARD OF REVIEW**

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). While pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

---

court should focus on the "elements" of the statutory offense rather than on that offense's non-essential "means" of commission. Id.

**DISCUSSION**

**I.    Whether it Plainly Appears that Joseph is not Entitled to Relief**

Joseph cannot obtain the relief he seeks in this Court through a Section 2241 petition. Habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (citation omitted).

Ordinarily a petitioner is entitled to one Section 2255 motion, and he must receive permission from the Circuit Court of Appeals to file a "second or successive" motion. 28 U.S.C. § 2255(h). The Eleventh Circuit will authorize a second or successive § 2255 motion if a petitioner can make a prima facie showing that there is:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id.

To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers

4

only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

>Section 2255(e) provides:
>
>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

After McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id.

5

at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be "inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion.")); see also United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion

inadequate or ineffective); Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective).

The Eleventh Circuit Court of Appeals emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255 court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. Throughout his Petition and his Supporting Brief, Joseph plainly admits that he is attacking his sentence. (Docs 1, 1-1.) He claims that his sentence is "illegal," and he requests that the Court set the sentence aside and have him resentenced. These are the precise types of claims and requested relief that Section 2255 encompasses. He would have been permitted to bring these types of claims in a motion to vacate, and Section 2255 provides Joseph with an adequate procedure to test his claim. Consequently, he cannot bring these claims in this Court pursuant to Section 2241.

While Joseph acknowledges that he carries the burden of invoking Section 2255(e)'s saving clause, he provides no coherent argument to meet that burden. (Doc. 1-1, pp. 7–9.) He does not mention, much less address, the Eleventh Circuit's decision in McCarthan, which this Court must follow. It appears that Joseph attempts to invoke Section 2241 because he has already filed a Section 2255 motion in the Court of his conviction and he has not obtained permission from the Eleventh Circuit to file a second motion under Section 2255(h). However, for the purposes of saving clause analysis, Joseph's Section 2255 remedy is not nullified simply because he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Joseph may face a successiveness bar or statute of limitations hurdle to bringing a Section 2255 Motion does not render such a motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Joseph an "adequate procedure" to test his conviction and sentence. Consequently, Joseph cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Joseph cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments. His effort to have his sentence from the Southern District of Florida reduced must be mounted in that Court through Section 2255.[4]

For all of these reasons, it plainly appears that Joseph is not entitled to relief. Thus, the Court **DENIES** his Motion to Proceed *in Forma Pauperis*. I **RECOMMEND** that the Court **DISMISS** Joseph's Section 2241 Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Joseph leave to appeal *in forma pauperis*. Though Joseph has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he

---

[4] Whether that effort would be successful has no bearing on whether Joseph can open the portal of the saving clause. Thus, this Court need not issue any opinion on the ultimate merits of Joseph's attempt to raise his claims through a second Section 2255 Motion. However, in Mathis, the precedent underlying Joseph's claims, the Supreme Court did not announce a new rule of constitutional law made retroactive to cases on collateral review. In re Hernandez, 857 F.3d 1162, 1164 (11th Cir. 2017) (In Mathis, the Supreme Court merely "provided guidance to courts in interpreting an existing criminal statute" and did not announce a new rule of constitutional law.). Thus, it does not appear that Joseph will be able to satisfy the jurisdictional threshold of Section 2255(h).

seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Joseph's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Joseph *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Joseph's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Joseph *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Joseph with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of August, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA